IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

[ON REMOVAL FROM THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA, CASE NO. CACE 21-14032]

Civil Action No.:_____

4632 CWELT-2008, LLC, on behalf
of itself and all others similarly situated,

    Plaintiff,

vs.

PHH MORTGAGE CORP.,

    Defendant.
_____/

**DEFENDANT PHH MORTGAGE CORP.'S NOTICE OF REMOVAL**

Defendant PHH Mortgage Corp. ("PHH"), pursuant to 28 U.S.C. § 1332, removes this action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. Removal is authorized by 28 U.S.C. §§ 1332, 1441, and 1446. The procedural requirements for removal have been satisfied.

**THE STATE COURT ACTION**

1.    Plaintiff CWELT-2008, LLC, on behalf of itself and all others similarly situated ("Plaintiff") sued PHH on or about July 20, 2021 in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. This action is identified in the Circuit Court of Broward County as *4632 CWELT-2008, LLC v. PHH Mortgage Corp.*, Case No. CACE 21-14032 (the "State Court Action"). Attached hereto as **Composite Exhibit 1** is a true and correct copy of the state court filings with which PHH has been served, which consists of a: (1) summons; (2)

amended complaint; (3) agreed order on PHH's motion for extension of time to respond to amended complaint; and (4) case management order.

2. PHH was first served with the summons and amended complaint on July 26, 2021. The original complaint was not served on PHH nor was a summons issued for the original complaint.

3. The Court entered an agreed order on August 10, 2021 extending PHH's deadline to respond to the complaint through September 15, 2021. (Ex. 1, pp. 19-20).

4. Defendant is the only defendant in the State Court Action. (Ex. 1, p. 3). Therefore, no other defendants are required to consent to this Notice of Removal.

5. Plaintiffs' putative class-action complaint alleges a violation of both the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and Fla. Stat. § 701.04, and seeks declaratory relief, attorneys' fees and costs. (Ex. 1, pp. 9-11).

6. Plaintiff's complaint alleges that the potential class consists of "thousands of customers." (Ex. 1, p. 7).

## JURISDICTION AND VENUE

**I.   Removal is proper under the Class Action Fairness Act ("CAFA").**

7. Under 28 U.S.C. § 1332(d), district courts are vested with "original jurisdiction of any civil action in which the controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." With the passage of CAFA, Congress intended that a "court should err in favor of exercising jurisdiction over the case." S. REP. 109-14, 42 (2005).

8. By design, the statute providing that a defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal" tracks the general pleading requirement stated in the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Id.* at 89.

    A.    **The amount in controversy exceeds $5 million.**

9. Plaintiff brings this action as a putative class action and defines the class as:

> All property title holders who either (a) were charged a Bank Wire Fee by PHH Mortgage Corp. in order to satisfy their mortgage, and/or (b) were charged a Bank Wire Fee and or Lien Release Fee by PHH Mortgage Corp. prior to such fee having occurred or otherwise existed.

(Ex. 1, p. 7).

10. Defendant PHH is the successor by merger to Ocwen Loan Servicing, LLC ("OLS"). PHH denies that it or OLS improperly charged fees in connection with mortgage satisfactions, or otherwise violated the FDUTPA as to Plaintiff or any putative class member. But assuming the Court certifies the class alleged in the amended complaint, and although PHH's investigation continues, PHH's initial investigation indicates such a class well exceeds 1,000 persons. *See* Declaration of Gina Feezer, ¶ 7 attached as **Exhibit 2.**

11. Plaintiff seeks to certify a class consisting of property title holders who were charged a Bank Wire Fee or Lien Release Fee and seeks injunctive relief on their behalf. (Ex. 1, p. 7). Although PHH's investigation continues, PHH's initial investigation indicates more than $5 million in such fees are at issue. *See* Feezer Dec., ¶¶ 7-8. Specifically, Plaintiff alleges that it requested and received a loan payoff letter that included an allegedly inappropriate Bank Wire Fire

3

of $25.00 and a Lien Release Fee of $18.50. PHH's initial investigation has determined that OLS and PHH issued an average 28,776 such payoff letters per month between July 20, 2017 and August 11, 2021. *Id.*, ¶ 7. Based on the monthly average, OLS and PHH issued nearly 1.4 million payoff letters during the last 4 years. *Id.* The investigation further confirmed that a Lien Release Fee was included in each payoff letter, which would equate to over $25,000,000 in Lien Release Fees. *Id.*, ¶ 8. PHH has also confirmed that it has received $9,134,352.74 in Bank Wire and Lien Release Fees from July 20, 2017 to present. *Id.*, ¶ 9.

12.     The investigation also determined that OLS and PHH have sent approximately 125,649 payoff letters to borrowers in Florida alone from July 20, 2017 to present. *Id.*, ¶ 10. Based on the amount of the Bank Wire Fee and Lien Release Fee in the letter sent to Plaintiff, this would equate to at least $5,465,731.50 in fees for payoff letters sent to Florida borrowers.

13.     Moreover, a court may consider attorneys' fees in determining the amount in controversy, even where the award of fees is left to the court's discretion. *See Lee-Bolton v. Koppers, Inc.*, 848 F. Supp. 2d 1342, 1356 (N.D. Fla. 2011) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000); *see also Luch v. Scottsdale Ins. Co.*, No. 17-21507-CIV-ALTONAGA, 2017 WL 5643314, at *2 (S.D. Fla. June 9, 2017).

14.     The FDUTPA authorizes an award of attorneys' fees to the prevailing party. *See* § 501.2105, Fla. Stat. (the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party). Accordingly, the inclusion of attorneys' fees in the calculation of the amount in controversy in a class action like this case further supports the conclusion that the amount in controversy is in excess of $5,000,000.

15.     In addition, when a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. *Federated Mut. Ins. Co. v. McKinnon Motors, Inc.*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen*, 204 F.3d at 1077). Plaintiffs demand injunctive relief prohibiting the assessment and collection of lien release and bank wire fees in connection with the payoff of a mortgage (Ex. 1, p. 10). Given that, in the last four years, PHH has sent letters including at least $25,000,000 in such fees nationwide, and approximately $5,465,731.50 in such fees in Florida alone, an injunction prohibiting such fees in the future would potentially deprive PHH of more than $5,000,000 in fees. Thus, Plaintiffs' demand for injunctive relief alone satisfies the amount in controversy requirement, and certainly shows the requirement is met when combined with damages and attorneys' fees, as discussed above.

  **B.** **Plaintiff and Defendant are Citizens of Different States**

16.     There is also diversity of citizenship between the parties. CAFA's minimal diversity requirement is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(a).

17.     Plaintiff alleges it is a Florida corporation with its principal place of business in Boca Raton, Florida. (Ex. 1, p. 3). PHH is a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. (Feezer Dec., ¶ 3). Thus, Plaintiff and PHH are residents of different states.

  **C.** **No exceptions to CAFA are applicable here.**

18.     The requirement that the purported class consist of at least one hundred members is easily met here because Plaintiffs' own allegations assert that the purported class consists of "thousands of customers." (Ex. 1, p. 7).

19. Plaintiff has not named a citizen of Florida, or a state, state official, or other governmental entity as a defendant, so the exceptions in 28 U.S.C. § 1332(d)(3), (4), and (5) do not apply.

**II. PHH has complied with the procedural requirements for removal.**

20. Venue is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Southern District of Florida, Fort Lauderdale Division, embraces the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, where the State Court Action was originally commenced.

21. This notice has been filed within 30 days of the date PHH received a copy of the operative complaint, through service of process or otherwise. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

22. PHH will promptly provide written notice of the filing of this notice as required by 28 U.S.C. § 1446(d). A copy of this notice will be filed with the Clerk of the Circuit Court of Palm Beach County as required by 28 U.S.C. § 1446(d) and served on Plaintiffs' counsel.

23. Under 28 U.S.C. §1446(a), the following constitute all the process, pleadings, and orders received by PHH in the State Court Action: (1) summons; (2) amended complaint;  (3) agreed order on PHH's motion for extension of time to respond to amended complaint; and (4) case management order.  (*See* Ex. 1).

24. If any questions arise as to the adequacy or propriety of the removal of this action, PHH requests the opportunity to supplement this notice with evidence and/or to brief any disputed issues and present oral argument in support of this removal.

25. PHH reserves all objections it may have to service, personal jurisdiction, or any other defenses or objections it may have to the Complaint or State Court Action.

26. PHH intends no admission of fact, law, or liability by this notice.

For these reasons, Defendant PHH Mortgage Corporation removes this case from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Dated:  August 25, 2021

Respectfully submitted,

/s/ Steven J. Brotman
Steven J. Brotman
Florida Bar No. 85750
**LOCKE LORD LLP**
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile: (561) 655-8719

*Counsel for PHH Mortgage Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2021, I presented the foregoing Notice of Removal to the Clerk of Court for filing and uploading to the CM/ECF system. I further certify that I will serve a copy of the foregoing via electronic mail and U.S. Mail to:

Bruce Botsford, Esq.
Bruce Botsford, P.A.
1615 S.W. 2nd Avenue
Fort Lauderdale, FL  33315
service@botsfordlegal.com
supportleader@botsfordlegal.com
*Counsel for Plaintiff*

/s/ Steven J. Brotman
Steven J. Brotman
Florida Bar No.: 85750